# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3059
_____

United States of America

*Plaintiff - Appellee*

v.

Travon Shaetwon Ambrose

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: April 11, 2022
Filed: July 28, 2022
[Unpublished]
_____

Before SHEPHERD, ERICKSON, and STRAS, Circuit Judges.
_____

PER CURIAM.

Travon Ambrose pled guilty to three counts of being a drug user in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2), one count of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D), and one count of possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).

The Presentence Investigation Report ("PSIR") grouped, pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 3D1.2(d), the three § 922(g)(3) counts as closely related because of the ongoing or continuous nature of the offenses. It added to the group the drug offense, finding that this count incorporated conduct associated with the § 922(g)(3) offenses. See U.S.S.G. § 3D1.2(c). The § 924(c) offense was excluded from the grouping and required a mandatory minimum 60-month term of imprisonment to run consecutively to any other term of imprisonment. See U.S.S.G. §§ 2K2.4(b), 3D1.1(b)(1), & 5G1.2(a); 18 U.S.C. § 924(c)(1)(A)(i). The PSIR also included a 2-level enhancement pursuant to U.S.S.G. § 3C1.2 for obstruction of justice, reasoning Ambrose recklessly created a substantial risk of death or serious injury to another person when he fled from law enforcement. A total offense level of 23 and criminal history category I yielded an advisory sentencing range of 46 to 57 months on the grouped counts, plus a mandatory minimum consecutive sentence of 60 months on the remaining count.

Ambrose objected to the obstruction of justice enhancement, arguing his conduct did not rise to the level of recklessly creating a substantial risk of death or serious bodily injury to another person. He also requested a departure or variance based on his exposure to gun violence and the Sentencing Guidelines calculation, which he believed punished him twice for possessing firearms.[1] Ambrose argued that his firearm involvement was double counted because § 2K2.1 was used in the initial sentencing determination on the grouped counts and then he was sentenced to a consecutive term on the § 924(c) offense.

---

[1]No formal objection to the Sentencing Guidelines calculation was raised at the sentencing hearing, but the issues were mentioned in a way that could be deemed an objection in Ambrose's sentencing memorandum and objections to the PSIR. Whether considered as objected to or not, our conclusion would be the same.

At sentencing, the district court[2] adopted the PSIR, found the enhancement applied, noted the Sentencing Guidelines were an important but not controlling factor, addressed the factors under 18 U.S.C. § 3553(a), and considered Ambrose's arguments about double counting and the impact of the mandatory minimum sentence. After considering all these components, the district court granted Ambrose's request for a downward variance and imposed a below-Guidelines sentence of 40 months' imprisonment for each of the four grouped counts to be served concurrently and a consecutive 60-month term for the § 924(c) count, for a total term of 100 months' imprisonment, to be followed by three years of supervised release.

On appeal, Ambrose claims the district court improperly grouped and applied the guidelines in § 2K2.1, and that he was subject to impermissible double-counting because the district court imposed the mandatory minimum sentence pursuant to 18 U.S.C. § 924(c) while at the same time used U.S.S.G. § 2K2.1 to determine his sentencing range for the other offenses. His arguments are foreclosed by precedent. See United States v. Bell, 477 F.3d 607 (8th Cir. 2007) (grouping a § 922(g) firearm offense with a drug offense pursuant to U.S.S.G. § 3D1.2 and applying the guidelines under § 2K2.1 is permissible even if there is also a separate § 924(c) offense); United States v. Jefferson, 815 F. App'x 87, 88-89 (8th Cir. 2020) (unpublished) (noting grouping of drug and felon-in-possession offenses does not change when a defendant has also been convicted under § 924(c) and there is no double punishment since violations of § 922(g)(1) and § 924(c) are distinct offenses).

The judgment of the district court is affirmed.

_____

[2]The Honorable John A. Jarvey, then Chief Judge, United States District Court for the Southern District of Iowa, now retired.

-3-